**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

METROPOLITAN INSURANCE
COMPANY, et al.,

      Plaintiffs,

vs.                                                       Case No. 3:04-cv-668-J32HTS

TIARESA E. CARTER, et al.,

      Defendants,

## ORDER

Metropolitan Life Insurance Company and Metropolitan Insurance and Annuity Company have filed this interpleader action against Tiaresa E. Carter, Blondell Johnson, and Takita Williams to determine the proper distribution of periodic annuity payments following the death of the annuitant. Ms. Johnson has filed a cross-claim (Doc. 54) against Ms. Williams, alleging that Ms. Williams and/or her father, Willie Williams, as her agent, tortiously interfered with Ms. Johnson's expectancy in becoming a beneficiary of the annuity by exerting undue influence over the annuitant before her death. Ms. Johnson's single claim is for common law tortious interference with an expectancy. Now before the Court is Ms. Williams' motion to dismiss the cross-claim in which she alleges that Ms. Johnson has failed to plead facts necessary to establish an agency relationship.

It is unclear to the Court why Ms. Williams has moved to dismiss on this basis since the cross-claim alleges that the actions constituting tortious interference were taken by Ms. Williams on her own behalf and/or through her father as an agent. Since Ms. Williams is alleged to have acted on her own behalf, Ms. Johnson's tortious interference claim is not dependent on the existence of an agency relationship. See Kobold v. Aetna U.S. Healthcare, Inc., 258 F.Supp.2d 1317, 1322-23 (M.D. Fla. 2003)(denying motion to dismiss and noting that success of plaintiff's claims did not require an agency relationship). In any event, the Court finds that Ms. Williams has sufficiently alleged agency under the liberal pleading standards of Federal Rule of Civil Procedure 8(a). See Flamenbaum v. Orient Lines, Inc., No. 03-22549-CIV, 2004 WL 1773207, at *9 n.5 (S.D. Fla. July 20, 2004)("The existence of the alleged agency relationship is usually a question of fact that is not properly considered on a motion to dismiss.")(citing Wood v. Holiday Inns, Inc., 508 F.2d 167, 173 (5th Cir. 1975)).

For these reasons, it is hereby **ORDERED** that Takita Williams' Motion to Dismiss Cross-Claim (Doc. 53) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on May 23, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record