**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

METROPOLITAN INSURANCE
COMPANY, et al.,

       Plaintiffs,

vs.                                    Case No. 3:04-cv-668-J32HTS

TIARESA E. CARTER, et al.,

       Defendants,

_____

## ORDER

Before the Court in this interpleader case is Takita Williams' motion seeking

sanctions against Blondell Johnson for Ms. Johnson's failure to appear in-person

at the mediation conference that took place on May 23, 2005 (Doc. 64).  Ms.

Johnson responds in a memorandum (Doc. 85-1) and affidavit (Doc. 85-2) that she

should not be sanctioned because her failure to appear in-person was inadvertent

and, in any event, she participated in a meaningful way by telephone.  The

mediator has not suggested sanctions against Ms. Johnson, but did note in his

second amended mediation disposition report (Doc. 77) that Ms. Johnson's failure

to appear in-person was neither by consent nor excused.

The Court's Order referring the case to mediation (Doc. 34-1) incorporated

Chapter Nine of the Local Rules, which provides that a party may be subject to

sanctions for failure to be present at a mediation conference.  See Rule 9.05(c).

The circumstances described by Ms. Johnson in her affidavit do not warrant the

harsh sanction of striking Ms. Johnson's cross claim or imposing significant

monetary penalties.  However, a lesser sanction is warranted since it is clear that

Ms. Johnson, by her fault alone, caused Ms. Williams, Ms. Williams' attorney, and

the mediator to waste the time it took to find Ms. Johnson.[1]  It therefore is

**ORDERED:**

1.      Takita Williams' Motion for Sanctions Against Blondell Johnson for

Failure to Attend Mediation (Doc. 64) is **GRANTED IN PART** and **DENIED IN**

**PART**.

2.      Blondell Johnson shall send Takita Williams payment in the amount of

$285.00 so that it will be received by Ms. Williams or her attorney on or before

**August 19, 2005.**[2]  Ms. Johnson's failure to timely comply with this Order could

subject her to further sanctions, up to and including dismissal of her cross claim.

---

[1]      Ms. Johnson also wasted the time of the other parties and their attorneys.
However, since only Ms. Williams has filed a motion for sanctions, only she will be
the beneficiary of the payment directed in this Order.

[2]      This amount will at least partially compensate Ms. Williams for any attorney
and mediator fees charged for the hour spent trying to find Ms. Johnson.

**DONE AND ORDERED** at Jacksonville, Florida on July 6, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

p.

cc:    Counsel of record
Mattox S. Hair

-3-