```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION



METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

         Plaintiffs,

v.                                    CASE NO. 3:04-cv-668-J-99HTS

TIARESA E. CARTER, et al.,

         Defendants.
_____

WILLIE R. WILLIAMS, JR., etc.

         Intervenor Plaintiff,

v.

METROPOLITAN INSURANCE and
ANNUITY COMPANY,

         Intervenor Defendant.
_____
```

**O R D E R**

This cause is before the Court on Takita Williams' Motion to Strike Portions of the Cross-Claim (Doc. #65; Motion). Defendant Blondell Johnson opposes the Motion. Blondell Johnson's Response to Takita Williams' Motion to Strike Portions of the Cross-Claim (Doc. #83; Opposition).

Pursuant to Rule 12(f), Federal Rules of Civil Procedure (Rule(s)), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts[.]" *Thompson v. Kindred Nursing Ctrs. E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "A 'court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)); *see also Cherry v. Crow*, 845 F. Supp. 1520, 1524-25 (M.D. Fla. 1994).

Ms. Williams asks the Court to strike from the Cross-Claim (Doc. #54) paragraphs 18-21, along with allegations in paragraphs 23, 24, 28 and 30. Motion at 2. Upon review of the file in this case, it appears the portion of the Cross-Claim sought to be stricken bears a relationship to Ms. Johnson's cause of action. Additionally, the allegations do not confuse the issues or cause prejudice such that it would be proper to strike them.

### a. Paragraphs 18-21

Movant argues paragraphs 18-21 of the Cross-Claim should be stricken in their entirety. *Id.* She asserts "[t]he allegations of [those] paragraphs . . . are not relevant to the expectancy interest allegedly created by the initial beneficiary designation, and the allegations of those paragraphs are immaterial, and/or may be considered scandalous as it relates to the family of the deceased." *Id.* Specifically, it is asserted that because the initial annuity designation is uncontested, "allegations relating to 'good deeds' or otherwise seeking to establish Blondell Johnson as a worthy recipient of the annuity designation are irrelevant." *Id.* at 3. Ms. Williams also contends the Cross-Claim contains improper "allegations seeking to denigrate the family members of Annie Mae Williams[.]" *Id.*

Ms. Johnson responds that "facts regarding how and [to] what extent Johnson was 'always there for Annie Mae Williams' and how Johnson's support compared to the support of others are not just relevant, they are vital." Opposition at 2. She contends "[t]hese facts demonstrate both why Annie Mae Williams would be motivated to make Blondell Johnson a beneficiary, and why Johnson had an expectancy." *Id.* at 3. n.1.

Under Florida law, a cause of action for an interference with an expectancy interest includes: "(1) the existence of an expectancy, (2) intentional interference with the expectancy

through tortious conduct; (3) causation; and (4) damages." *Claveloux v. Bacotti*, 778 So.2d 399, 400 (Fla. Dist. Ct. App. 2001). Both Ms. Williams and Ms. Johnson acknowledge these elements form the cause of action. *See* Motion at 3; Opposition at 4.

Paragraphs 18-21 provide an explanation as to why Ms. Johnson believes she had an expectancy interest in the annuity. The fact that Ms. Williams does not contest the initial annuity designation does not render Defendant's allegations irrelevant or immaterial. Accordingly, these paragraphs will not be stricken.

**b. Paragraphs 23, 24, 28, and 30**

Ms. Williams also moves to strike allegations in "paragraphs 23, 24, 28, and 30 which assert the individual liability of Takita Williams acting independently of her alleged agent[,]" Motion at 2, because they "are not supported by evidence known to Blondell Johnson's attorney[.]" *Id.* at 4. According to Ms. Johnson, this accusation is based on an inaccurate appraisal of her position. Opposition at 3.

Movant has not demonstrated how the paragraphs at issue are redundant, immaterial, impertinent, or scandalous as required pursuant to Rule 12(f). The degree of evidentiary support for an allegation is an issue not properly before the Court on a motion to strike.

In accordance with the foregoing, the Motion (Doc. #65) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of July, 2005.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
  and *pro se* parties, if any